UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN W. TAYLOR, IV,

    Plaintiff,

        v.                                CAUSE NO. 3:25-CV-124-CCB-SJF

KEVIN GILMORE, et al.,

    Defendants.

## OPINION AND ORDER

John W. Taylor, IV, a prisoner without a lawyer, filed an amended complaint containing unrelated claims. ECF 19. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Taylor sues six people for events that occurred at Wabash Valley Correctional Facility ("WVCF"): Deputy Warden Kevin Gilmore, OII Investigator Randy Vanvleet, Case Manager Purcell, Case Manager Meeks, Unit Team Manager Fischer, and Classification Supervisor Hendrix. ECF 19 at 5-7. He has also sued seven people for events that occurred at Miami Correctional Facility ("MCF"): Unit Team Manager Dwyer, Protective Custody Committee Member Shaffer, Protective Custody Committee

Member Beck, Protective Custody Committee Member Snow, Case Manager Hamrick, Correctional Officer Myers, and Correctional Officer Graham. *Id*. at 7-10.

Taylor may not sue different defendants based on unrelated events. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). Claims are related if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Therefore, Taylor cannot include claims that took place at different facilities because claims occurring at different facilities concern different defendants and different facts; they are not related.

When a *pro se* prisoner files a suit with unrelated claims, the court has several options. *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012). It is the practice of this court to notify the plaintiff and allow him to decide which claim (or related claims) to pursue in the instant case – as well as to decide when or if to bring the other claims in separate suits. *Id*. ("The judge might have been justified in directing Wheeler to file separate complaints, each confined to one group of injuries and defendants."). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

The court could properly limit this case by picking a claim (or related claims) for Taylor because "[a] district judge [can] solve the problem by . . . dismissing the excess defendants under Fed.R.Civ.P. 21." *Wheeler*, 689 F.3d at 683. Alternatively, the court

2

could split the unrelated claims because "[a] district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . .." *Id*. Both of these solutions pose potential problems. Thus, it is the prisoner plaintiff who should make the decision whether to incur those additional filing fees and bear the risk of additional strikes. However, if Taylor is unable to select related claims on which to proceed in this case, one of these options may become necessary. Taylor needs to decide which related claims and associated defendants he wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683. Then, he needs to file a second amended complaint including only a discussion of the related claims and defendants. Moreover, he should not write about other events and conditions at the prison which are not directly related to the claim against the named defendant or defendants. If he believes those other events or conditions state a claim, he needs to file separate lawsuits.

Taylor will be granted an opportunity to file a second amended complaint containing only related claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). If he decides to file a second amended complaint, he needs to use this court's approved prisoner complaint form, a **Prisoner Complaint Pro Se 14 (INND Rev. 2/20)** form, which is available from the prison's law library. He must write this cause number on the second amended complaint and explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the court:

(1) **GRANTS** John W. Taylor, IV until **May 8, 2025**, to file a second amended complaint containing only related claims; and

(2) **CAUTIONS** John W. Taylor, IV that, if he does not respond by the deadline or if he files a second complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED on April 14, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT